**FEDERAL PUBLIC DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
51 SLEEPER STREET, 5TH FLOOR
BOSTON, MASSACHUSETTS 02210

TELEPHONE: 617 223 8061
FAX: 617 223 8080

November 21, 2012

AUSA Fred Wyshak
AUSA Robert Fisher
AUSA Karin Bell
United States Attorney's Office
1 Courthouse Way
Boston, MA 02210

  **RE:**   *United States v. John J. O'Brien*, **No. 12-CR-40026-FDS**

Dear Counsel:

  On behalf of all defendants and pursuant to Local Rule 116.3, we make the following discovery requests.

  The requests contained herein apply to all documents and information in the government's possession, custody, or control, whether obtained prior to the indictment in this case or obtained in connection with any subsequent or ongoing investigation(s).

1.  All documents produced to the government or seized by the government from members or staff of the state senate or house of representatives.

  To date, you have produced files from the following legislators to us: ███████████████████████████████████████████████████████████████████████████████████████████ The bates numbers associated with these files makes clear that we have not been provided with the complete production made by many, if not all, of the above legislators. Please provide the complete production that was made to you by the above legislators.

  In addition, please provide any additional materials received from legislators subsequent to your initial disclosures in April, 2012, including those produced or seized in connection with any ongoing investigation.

FEDERAL PUBLIC DEFENDER OFFICE
*United States v. O'Brien*
November 21, 2012
Page 2 of 6

2. Copies of the complete Personnel files for the 21 identified individuals listed in the indictment. *See* Indictment pp. 17-18 listing alleged Racketeering Acts. To date, you have provided copies of personnel files from the Administrative Office of the Trial Court ("AOTC") and Office of the Commissioner of Probation ("OCP") but we understand that, in addition, each individual probation officer has a personnel file that is kept in the local court to which the probation officer is employed. Please provide a copy of the local court personnel folder for each of the 21 identified individuals listed in the indictment.

3. All communications between the government (including without limitation the USAO and the FBI) and the New Bedford District Court Clerk's Office concerning cases involving ▇▇▇▇▇▇ and his criminal history. It is our understanding that such communications took place regarding the sealing or unsealing of ▇▇▇▇▇▇ criminal record.

4. The Report of the Independent Counsel (hereafter "Ware Report") at paragraph 27 states that Independent Counsel reviewed over 150,000 emails. Appendix 6 to the Ware Report indicates that these emails were seized from hard drives and computers of 38 different people. Please provide us with all of the emails, in native electronic format, referenced in paragraph 27 of the Ware Report.

5. To the extent not all ready produced, please provide us with all materials reviewed or possessed by Independent Counsel in connection with his investigation into the hiring practices of the Department of Probation. This request includes materials in all forms, such as hard drives, raw electronic data, and documents.

6. You have provided us with transcripts of those individuals who testified before the Independent Counsel. However, you have not provided us with reports, memorandum, and notes of all individuals who were interviewed informally by Independent Counsel. Appendix 2 to the Ware Report indicates that 26 people were interviewed informally by Independent Counsel. Please provide us with all reports, memorandum, and notes concerning those interviews. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Please provide us with such reports for all of the individuals listed in Appendix 2 to the Ware Report, as well as any notes or other documents pertaining to these informal interviews.

7. Exhibit 31 to the Ware Report references a series of tapes turned over to Independent Counsel by ▇▇▇▇▇▇. Please provide us with a copy of these tapes.

8. Administrative Order Number 4 issued by Chief Justice of Administration and Management Mulligan ("CJAM Mulligan") in or about 2004.

**FEDERAL PUBLIC DEFENDER OFFICE**
United States v. O'Brien
November 21, 2012
Page 3 of 6

9. The names and positions of all individuals hired or promoted during the time period that John O'Brien was Commissioner of Probation, and the dates of each hire and/or promotion.

10. Documents maintained by the AOTC, including without limitation documents maintained by CJAM Mulligan, comprising or concerning the hiring policies and practices of the Trial Court and each of its departments.

11. Documents maintained by the AOTC, including without limitation documents maintained by CJAM Mulligan, comprising or concerning the hiring policies and practices of the Department of Probation.

12. All communications, including without limitation email, by CJAM Mulligan concerning the Department of Probation.

13. All documents concerning recommendations, including without limitation by members of the legislature, for hiring by departments of the Trial Court other than the Probation Department.

14. The names and dates of applications of all individuals sponsored by a member of the legislator who were not hired for any reason.

15. All communications, including without limitation email, by CJAM Mulligan concerning hiring by departments of the Trial Court other than the Probation Department.

16. Documents in your possession, custody, or control concerning the hiring practices of Massachusetts state agencies or departments other than the Trial Court, including documents related to the role that recommendations play in the hiring process.

17. Letter from ███████████████████████████████████████

18. ███████████████████████████████████████.

19. ███████████████████████████████████████



FEDERAL PUBLIC DEFENDER OFFICE
*United States v. O'Brien*
November 21, 2012
Page 4 of 6

20. 

21. All communications, including emails, between the Human Resources Department of the AOTC and the Department of Probation.

22. Any documents concerning the procedure for amending the Trial Court Personnel Policies and Procedures Manual.

23. All documents concerning or comprising communication between the Department of Probation and members or staff of the state senate or house of representatives, including any phone records, emails, or correspondence.

24. 

25. Please provide us with hard drive capacity specifications so that we may obtain a copy of the hard drive images obtained from the work computers of O'Brien and Tavares, as described in your initial discovery letter dated April 20, 2012.

26. ▮▮▮▮▮▮▮▮▮ personnel file kept by AOTC.

27. ▮▮▮▮▮▮▮▮▮ personnel file kept by OCP.

28. ▮▮▮▮▮▮▮▮▮ personnel file kept by AOTC.

Pursuant to Local Rule 116.2(A) & (B)(1), we make the following requests for exculpatory evidence.

We are aware that many individuals have provided exculpatory information to law enforcement as well as to past and current federal grand juries, including statements that are affirmatively exculpatory as well as statements denying knowledge of suspected or alleged inculpatory facts that the witness would have been expected to know (*e.g.*, by virtue of the witness' position or according to information provided by other witnesses). We obviously are not in a position to know the complete and precise substance of what numerous witnesses have said. At a minimum, however, any information (including without limitation, reports, documents, transcripts, or notes of witness statements) in the following categories, without limitation, would be required to be disclosed at this time:

FEDERAL PUBLIC DEFENDER OFFICE
*United States v. O'Brien*
November 21, 2012
Page 5 of 6

    a. information that jobs were not given to unqualified candidates, including information that any of the individuals named in the indictment were qualified for the positions they held.

    b. information that the hiring process carried out by the Department of Probation conformed to the policies laid out in the Trial Court Personnel Policies and Procedures Manual.

    c. information that the hiring process carried out by the Department of Probation conformed to the standard practices of the Trial Court and was known to CJAM Mulligan.

    d. information that the Department of Probation was permitted to consider recommendations in determining whom to hire.

    e. information that a member of the legislature who made a recommendation to the Department of Probation regarding a candidate did not expect that his/her candidate necessarily would be hired, and/or that no retribution (*e.g.*, budget cuts) against the Department of Probation or the defendants would flow from failure to hire recommended candidates, and/or that no benefit to the Probation Department or the defendants was expected or conferred in exchange for hiring recommended candidates.

    f. information that there was no *quid pro quo* between the Department of Probation and/or any of the defendants, on one hand, and members of the legislature, on the other hand, regarding hiring at the Department of Probation.

    g. information that candidate(s) recommended by a member of the legislature did not receive the specific job for which the candidate(s) were recommended.

    h. information that making recommendations on behalf of constituents is a legitimate function for members of the state legislature.

    i. information that no budget or other legislative decisions were made or based on whether a recommended candidate was hired or promoted by the Department of Probation.

    j. an update of the list contained in your initial discovery letter dated April 20, 2012, of persons who have testified before the grand jury pursuant to orders issued under 18 U.S.C. § 6001, et seq., and persons who have testified before the grand jury pursuant to letters from the USAO providing protections similar to those provided by 18 U.S.C. § 6001, et seq.

    k. a copy of all proffer letters, federal letters of immunity, federal statutory immunity orders, state court immunity orders provided to any witness the government anticipates calling in its

FEDERAL PUBLIC DEFENDER OFFICE
*United States v. O'Brien*
November 21, 2012
Page 6 of 6

    case-in-chief.

    l. A statement of all promises, rewards, or inducements made to any witness the government anticipates calling in its case-in-chief, including without limitation whether any witness who was not prosecuted based upon his/her cooperation in this case would be allowed to continue to collect, or remain eligible to collect, a state pension.

    We reserve the right to supplement these requests.  Thank you and please feel free to call us if you have any questions.

                          Sincerely,

                          /s/ Stellio Sinnis
                          Stellio Sinnis

                          /s/ William Fick
                          William Fick

                          /s/ R. Bradford Bailey
                          R. Bradford Bailey

                          /s/ John Amabile
                          John Amabile

cc:    Clerk, United States District Court (by ECF)
        Mr. John J. O'Brien