U.S. Department of Justice

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 5, 2012

Stylianus Sinnis
William Fick
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210

R. Bradford Bailey
Denner Pellegrino LLP
4 Longfellow Place, Suite 3501
Boston, MA 02114

John Amabile
Amabile & Burkly PC
380 Pleasant Street
Brockton, MA 02401

  Re: United States v. John J. O'Brien, et al.
     <u>Criminal No. 12-cr-40026-FDS</u>

Dear Counsel:

  The following is the government's response to your discovery letter dated November 21, 2012.

**<u>Request No. 1</u>**

All documents produced to the government or seized by the government from members or staff of the state senate or house of representatives.

To date, you have produced files from the following legislators to us: ███████████ The bates numbers associated with these files makes clear that we have not been provided with the complete production made by many, if not all, of the above legislators. Please provide the

complete production that was made to you by the above legislators.

In addition, please provide any additional materials received from legislators subsequent to your initial disclosures in April, 2012, including those produced or seized in connection with any ongoing investigation.

**Government Response**

The government has produced all relevant (and discoverable) documents provided by legislators in connection with the above-referenced case. To the extent this request seeks documents and materials produced as part of a separate, ongoing grand jury investigation, the government declines to produce such items at this time. The government understands its continuing obligation to produce Brady material and will do so should such material exist.

**Request No. 2**

Copies of the complete Personnel files for the 21 identified individuals listed in the indictment. *See* Indictment pp. 17-18 listing alleged Racketeering Acts. To date, you have provided copies of personnel files from the Administrative Office of the Trial Court ("AOTC") and Office of the Commissioner of Probation ("OCP") but we understand that, in addition, each individual probation officer has a personnel file that is kept in the local court to which the probation officer is employed. Please provide a copy of the local court personnel folder for each of the 21 identified individuals listed in the indictment.

**Government Response**

The government is not in possession of personnel files from local courts.

**Request No. 3**

All communications between the government (including without limitation the USAO and the FBI) and the New Bedford District Court Clerk's Office concerning cases involving ▮▮▮ ▮▮▮▮▮ and his criminal history. It is our understanding that such communications took place regarding the sealing or unsealing of ▮▮▮▮▮▮▮▮ criminal record.

**Government Response**

Enclosed please find ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Request No. 4**

The Report of the Independent Counsel (hereafter "Ware Report") at paragraph 27 states that Independent Counsel reviewed over 150,000 emails. Appendix 6 to the Ware Report indicates that these emails were seized from hard drives and computers of 38 different people. Please provide us with all of the emails, in native electronic format, referenced in paragraph 27 of the Ware Report.

**Government Response**

The government is in the process of determining what emails were reviewed by Independent Counsel. Once such a determination is made, we will produce the requested emails.

**Request No. 5**

To the extent not already produced, please provide us with all materials reviewed or possessed by Independent Counsel in connection with his investigation into the hiring practices of the Department of Probation. This request includes materials in all forms, such as hard drives, raw electronic data, and documents.

**Government Response**

This request is overbroad and vague. The government believes that – to date – it has provided all information regarding the Ware report that is required to be produced under Federal Rule of Criminal Procedure 16 and Local Rules 116.1(c) and 116.2(b)(1) (28 day material).

**Request No. 6**

You have provided us with transcripts of those individuals who testified before the Independent Counsel. However, you have not provided us with reports, memorandum, and notes of all individuals who were interviewed informally by Independent Counsel. Appendix 2 to the Ware Report indicates that 26 people were interviewed informally by Independent Counsel. Please provide us with all reports, memorandum, and notes concerning those interviews. As an example, you have provided us with the Independent Counsel's interview summary of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Please provide us with such reports for all of the individuals listed in Appendix 2 to the Ware Report, as well as any notes or other documents pertaining to these informal interviews.

**Government Response**

To the extent it is discoverable, the requested information constitutes Jencks material and will be produced at least 21 days prior to trial.

**Request No. 7**

Exhibit 31 to the Ware Report references a series of tapes turned over to Independent Counsel by ▓▓▓▓▓▓▓▓ Please provide us with a copy of these tapes.

**Government Response**

The government has provided ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The government will provide a copy of the tapes ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as soon as possible. 

**Request No. 8**

Administrative Order Number 4 issued by Chief Justice of Administration and Management Mulligan ("CJAM Mulligan") in or about 2004.

**Government Response**

The government will provide a copy of Administrative Order Number 4.

**Request No. 9**

The names and positions of all individuals hired or promoted during the time period that John O'Brien was Commissioner of Probation, and the dates of each hire and/or promotion.

**Government Response**

The government will provide ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ 

**Request Nos. 10 and 11**

Documents maintained by the AOTC, including without limitation documents maintained by CJAM Mulligan, comprising or concerning the hiring policies and practices of the Trial Court and each of its departments.

Documents maintained by the AOTC, including without limitation documents maintained by CJAM Mulligan, comprising or concerning the hiring policies and practices of the Department of Probation.

**Government Response**

Other than the trial court policies and procedures manual, which is publicly available, the government is not in possession of the requested information.

**Request No. 12**

All communications, including without limitation email, by CJAM Mulligan concerning the Department of Probation.

**Government Response**

This request is overbroad and vague.  The government has provided all relevant communications by the CJAM regarding hiring at the Department of Probation that are in its possession, custody or control.  To the extent we receive additional relevant communications, we will provide them as soon as possible.

**Request No. 13**

All documents concerning recommendations, including without limitation by members of the legislature, for hiring by departments of the Trial Court other than the Probation Department.

**Government Response**

The requested information is not relevant or material to the above-referenced case and is thus not discoverable.

**Request No. 14**

The names and dates of applications of all individuals sponsored by a member of the legislator who were not hired for any reason.

**Government Response**

The government has not compiled such information in one document, nor is the government under an obligation to do so.  However, the government has provided defendants with the sponsor lists created and kept by the Probation Department.  In addition, the government will provide a list of many individuals hired or promoted from 2000-2012 (as described in the Government's Response to Defendants' Discovery Request No. 9).

**Request No. 15**

All communications, including without limitation email, by CJAM Mulligan concerning hiring by departments of the Trial Court other than the Probation Department.

**Government Response**

This request is overbroad. Furthermore, the requested information is not relevant or material to the charges in the indictment.

**Request No. 16**

Documents in your possession, custody, or control concerning the hiring practices of Massachusetts state agencies or departments other than the Trial Court, including documents related to the role that recommendations play in the hiring process.

**Government's Response**

See Response to Request No. 15.

**Request Nos. 17 and 18**

███████████████████████████████████████████████████████████████████
███████

███████████████████████████████████████████████████████████████
████████████████████████████████

**Government Response**

With respect to request number 17, the government has provided copies of the personnel and hiring files for ███████████  To the extent the letter is not contained in those files, it is not in the government's possession, custody or control.

With respect to request number 18, the government is in the process of obtaining the requested ███████████ and will provide a copy as soon as possible.

**Request No. 19**

All documents or notes kept by CJAM Mulligan, or any other participant, ███████████
████████████████████████████████████████████████████████████████████████████
████████

**Government Response**

████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████

**Request No. 20**

████████████████████████████████████████████████████████████████████████████
████████████████████████████

**Government Response**

To the extent it has not already been produced, the government will produce ███████
████████████████████████████████████████████████████████████████████████████
████

**Request No. 21**

All communications, including emails, between the Human Resources Department of the AOTC and the Department of Probation.

**Government Response**

This request is overbroad and vague. Moreover, the government has produced in excess of 150 boxes of documents containing such material. If you can identify any particular communication that you believe is in our possession, custody or control and has not been produced, please advise and we will consider your request.

**Request No. 22**

Any documents concerning the procedure for amending the Trial Court Personnel Policies and Procedures Manual.

**Government Response**

The government is unaware of any such documents. The government, however, will confirm this with AOTC and/or produce any such documents that exist.

**Request No. 23**

All documents concerning or comprising communication between the Department of Probation and members or staff of the state senate or house of representatives, including any phone records, emails, or correspondence.

**Government Response**

This request is overbroad. To the extent such materials are relevant to the above-referenced case, the government has or will produce them. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

To the extent that there are responsive documents obtained in connection with an ongoing grand jury investigation, we decline to produce those at this time.

**Request No. 24**

Any all documents, notes, or reports ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Government Response**

The government is unaware of any documents, notes or reports regarding ▮▮▮▮▮▮▮▮▮▮▮▮ Even if such documents exist, they are not within the government's possession, custody or control.

**Request No. 25**

Please provide us with hard drive capacity specifications so that we may obtain a copy of the hard drive images obtained from the work computers of O'Brien and Tavares, as described in your initial discovery letter dated April 20, 2012.

**Government Response**

Please provide a 64 gigabyte hard drive for each computer.

**Request Nos. 26-28**

███████████ personnel file kept by AOTC.

███████████ personnel file kept by OCP.

███████████ personnel file kept by AOTC.

**Government Response**

The government has produced certain personnel files for these individuals. The government is in the process of confirming which files were produced and whether it has the requested files in its possession. To the extent they exist and have not been produced, the government will produce the requested files as soon as possible.

**Request(s) for Exculpatory Information (a) through (l)**

**Requests (a)(b) and (d)**

Information that jobs were not given to unqualified candidates, including information that any of the individuals named in the indictment were qualified for the positions they held.

Information that the hiring process carried out by the Department of Probation conformed to the policies laid out in the Trial Court Personnel Policies and Procedures Manual.

Information that the Department of Probation was permitted to consider recommendations in determining whom to hire.

**Government Response**

The requested information is not exculpatory (i.e., it does not tend to negate the defendant's guilt) with respect to the charges in this case. The indictment does not allege that qualified candidates were never hired; nor does it allege that the most qualified candidates were never hired. Likewise, the government has not alleged that the Department of Probation was unable to consider recommendations when determining whom to hire. Even if the government had such information in its possession, it would not tend to negate the defendant's guilt with respect to the scheme to defraud charged in the indictment. It is thus not discoverable at this time.

**Request (c)**

Information that the hiring process carried out by the Department of Probation conformed to the standard practices of the Trial Court and was known to CJAM Mulligan.

**Government Response**

The government has no information that the probation department hiring process conformed to the standard practices of the Trial Court or that the defendants' scheme to defraud was known to the CJAM. To the contrary, as alleged in the indictment, the information known to the government is that the hiring process was not merit-based and thus did not conform to the policies and procedures of the Trial Court.

To the extent this request seeks information similar to that sought in requests (a), (b) and (d), the government refers defendants to its response to those requests.

**Requests (e) through (i)**

Information that a member of the legislature who made a recommendation to the Department of Probation regarding a candidate did not expect that his/her candidate necessarily would be hired, and/or that no retribution (*e.g.*, budget cuts) against the Department of Probation or the defendants would flow from failure to hire recommended candidates, and/or that no benefit to the Probation Department or the defendants was expected or conferred in exchange for hiring recommended candidates.

Information that there was no *quid pro quo* between the Department of Probation and/or any of the defendants, on one hand, and members of the legislature, on the other hand, regarding hiring at the Department of Probation.

Information that candidate(s) recommended by a member of the legislature did not receive the specific job for which the candidate(s) were recommended.

Information that making recommendations on behalf of constituents is a legitimate function for members of the state legislature.

Information that no budget or other legislative decisions were made or based on whether a recommended candidate was hired or promoted by the Department of Probation.

**Government Response**

Numerous witnesses have provided information related to these requests. However, none of the requested information is exculpatory with respect to the charges in this case. The government has not alleged, nor does the government have to prove, a quid pro quo between the Probation Department and the Legislature in order to prove that the defendants engaged in the charged scheme to defraud (as suggested by requests (e), (f) and (i)). Nor does the government have to prove that every person who received a recommendation from a legislator got the job they sought. To the contrary, the evidence in this case shows the opposite to be true. There were a limited number of probation jobs and the positions usually were filled by the candidate with the

most powerful legislative sponsor. Finally, whether or not members of the state legislature believe that part of their job is to make recommendations on behalf of constituents is irrelevant to whether the defendants engaged in the charged scheme to defraud.

**Request (j)**

An update of the list contained in your initial discovery letter dated April 20, 2012, of persons who have testified before the grand jury pursuant to orders issued under 18 U.S.C. § 6001, et seq., and persons who have testified before the grand jury pursuant to letters from the USAO providing protections similar to those provided by 18 U.S.C. § 6001, et seq.

**Government Response**

The government has no additional names to report regarding the instant case. To the extent this request seeks information regarding an ongoing grand jury investigation, the government declines to produce such information at this time.

**Request (k)**

A copy of all proffer letters, federal letters of immunity, federal statutory immunity orders, state court immunity orders provided to any witness the government anticipates calling in its case-in-chief.

**Government Response**

To the extent it has not already been produced, the government will provide copies of all requested information. However, to the extent this request seeks materials related to an ongoing grand jury investigation, the government declines to produce such materials at this time.

**Request (l)**

A statement of all promises, rewards, or inducements made to any witness the government anticipates calling in its case-in-chief, including without limitation whether any witness who was not prosecuted based upon his/her cooperation in this case would be allowed to continue to collect, or remain eligible to collect, a state pension.

December 5, 2012
Page 12

**Government Response**

The government has provided information regarding all promises, rewards or inducements as required by the Local Rules. However, to the extent this request seeks information related to an ongoing grand jury investigation, the government declines to produce such information at this time.

                                              Very truly yours,

                                              CARMEN M. ORTIZ
                                              United States Attorney

                    By:     /s/ Karin M. Bell
                            Karin M. Bell
                            Fred Wyshak
                            Robert Fisher
                            Assistant U.S. Attorneys

Enclosures

cc:     Maria Simeone, Clerk to the Honorable Leo T. Sorokin (w/o enclosures)