IN  THE  UNITED  STATES  DISTRICT  COURT
FOR  THE  DISTRICT  OF  MASSACHUSETTS

UNITED STATES OF AMERICA

v.

JOHN J. O'BRIEN, ET AL.

No. 12-CR-40026-FDS

## MOTION  TO  DISMISS

The defendants — John J. O'Brien, Elizabeth V. Tavares, and William H. Burke, III —

respectfully move to dismiss all counts of the Second Superseding Indictment pursuant to Fed. R.

Crim. P. 12.  The allegations of the indictment fail to establish the elements of the charged

offenses as a matter of law.

The grounds for this motion are detailed in the accompanying Memorandum of Law and

outlined here:

I.      THE CENTRAL PREMISES OF THE INDICTMENT ARE ERRONEOUS BECAUSE THE
        COMMISSIONER HAD EXCLUSIVE HIRING AUTHORITY.

        A.  The Commissioner had Exclusive Hiring Authority Notwithstanding any
            Other Provision of Law.

        B.  The CJAM Did Not Have Authority to Set Policy for Probation.

II.     THE ALLEGATIONS IN THE INDICTMENT FAIL TO SUSTAIN COUNTS BASED UPON
        MAIL FRAUD.

        A.  Mailed Rejection Letters Were Not "In Furtherance" of the Charged Scheme.

        B.  The Commissioner's Exclusive Hiring Authority Requires Dismissal of Mail
            Fraud Charges.

        C.  The Certifications to the CJAM Were True and Accurate, Not Fraudulent.

D.  The Indictment Fails to Allege Deprivation of Tangible Property.

1.    *The alleged scheme did not "obtain" jobs and salaries.*

2.    *The purported scheme does not allege deprivation of tangible property.*

III.   THE ALLEGATIONS OF THE INDICTMENT FAIL TO SUSTAIN COUNTS BASED ON BRIBERY OR GRATUITY.

A.  Substantive Bribery Charges Under 18 U.S.C. § 666 Must Be Dismissed.

1.    *The alleged conduct falls in the "safe harbor" provision of § 666.*

2.    *The transactional element of § 666 is not satisfied.*

3.    *Section 666 is not intended to criminalize state politics.*

4.    *Section 666 Charges Do Not Allege a Quid Pro Quo.*

B.  Massachusetts Bribery and Gratuity Offenses Are Not Racketeering Predicates Because There is No Link Alleged Between a Promised "Thing of Value" and an Official Act.

IV.    THE RACKETEERING COUNTS MUST BE DISMISSED.

V.     THE RULE OF LENITY AND VOID FOR VAGUENESS DOCTRINES REQUIRE DISMISSAL OF THE INDICTMENT.

Respectfully submitted,

JOHN J. O'OBRIEN
by his attorneys

 /s/ William W. Fick
Stylianus Sinnis, Esq.
William W. Fick, Esq.
Christine DeMaso, Esq.
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061
STELLIO_SINNIS@FD.ORG
WILLIAM_FICK@FD.ORG

2

ELIZABETH V. TAVARES
by her attorney,

/s/ R. Bradford Bailey
R. Bradford Bailey, Esq.


WILLIAM  H. BURKE, III
by his attorney,

/s/  John Amabile
John Amabile, Esq.


### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 30, 2013.

/s/ William W. Fick