IN  THE  UNITED  STATES  DISTRICT  COURT
FOR  THE  DISTRICT  OF  MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                            No. 12-CR-40026-FDS

JOHN J. O'BRIEN, ET AL.

## MOTION  TO  COMPEL  SPECIFICATION  OF  UNCHARGED  ACTS

The defendants respectfully move this Court to require this government to specify immediately any and all uncharged alleged "acts of misconduct" of which it intends to introduce evidence at trial, regardless of whether it intends to argue that this evidence is admissible under Federal Rule of Evidence 404(b).  The government's refusal to provide such information violates the defendants' right to due process under the Fifth and Fourteenth Amendments, is contrary to the letter and spirit of this Court's order, and thwarts an orderly trial process.

At a status conference on November 21, 2013, the parties discussed the possible use of alleged "prior bad acts" evidence.  This Court ordered the government to "file notice of its intention to offer 404(b) type evidence by 12/23/13."  [Dkt #190.]  On December 23, 2013, the government filed a notice that read, in its entirety:

> The United States respectfully states that it intends to introduce evidence of uncharged acts of misconduct on the part of the defendants and that this evidence is inextricably intertwined with the charged conspiracy.  It is the government's position that this evidence is admissible under Federal Rule of Evidence 401 and does not implicate Federal Rule of Evidence 404(b).  However, as the government clarified at the status conference held on November 21, 2013, the uncharged conspiratorial acts and instances of misconduct the government anticipates introducing at trial are intrinsic to the charged offenses and have been revealed to the defendants through the voluminous discovery produced to date.  Therefore, because the evidence of other contemporaneous bad acts is inextricably intertwined with the charged conspiracy the defendants are not entitled to the pre-trial notice as required by Rule 404(b).

[Dkt #207.]

1

Following close on the heels of a *Jencks* production that contains large amounts of previously undisclosed *Brady* material, this filing is yet another example of the government's attempts to obfuscate the parameters of the trial by stonewalling, suppressing information, and refusing to comply with this Court's orders.  These actions endanger the defendant's constitutional right to a fair trial and to due process of law.  The government's filing also ignores the fact that this Court is the arbiter of the admissibility of evidence, whether under Rule 404(b), on one hand, or under Rule 104(a) and a theory that it is intrinsic evidence of the charged conspiracy, on the other hand.  The government's failure to delineate the uncharged conduct it plans to introduce prevents this Court from considering its admissibility in an orderly, pretrial manner, and virtually guarantees trial interruptions and delays.  *Cf.* Fed. R. Evid. 404, notes to 1991 amendments ("The amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and *promote early resolution* on the issue of admissibility." (emphasis added)).

Courts have held that evidence of uncharged conduct can be introduced in two situations: 1) where the trial court finds that the uncharged conduct is "intrinsic to the crime charged in the indictment"; or 2) where the trial court finds that the uncharged conduct is "extrinsic" to the charges, but is admissible under Rule 404(b).  *United States v. Villarman-Oviedo*, 325 F.3d 1, 11 (1st Cir. 2003); *see also United States v. Green*, 698 F.3d 48, 55 (1st Cir. 2012).  Regardless of whether the evidence is "intrinsic" or "extrinsic," the trial court must exclude it if, under Rule 403, "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *see also Green*, 698 F.3d at 56; *United States v. Balthazard*, 360 F.3d 309, 313-14 (1st Cir. 2004).  The Rule 403 "concern is particularly acute

when the challenged evidence implicates a defendant in uncharged criminal activity because if

such evidence is admitted improperly, there is a real danger that it could be misused."

*Balthazard*, 360 F.3d at 313-14.  The concern is even further amplified where, as here, alleged

uncharged acts may appear distasteful to some but are not even criminal.

The government's filing states, without elaboration, that the unspecified uncharged acts

evidence it plans to introduce is "intrinsic" to the charged conspiracy.  The government then

concludes that because it does not seek to introduce this evidence under Rule 404(b), it does not

need to disclose the evidence.  However, the government is not the arbiter of admissibility, and

this position ignores this Court's obligation to determine the admissibility of all evidence at trial.

Rule 104 requires this court to "decide any preliminary questions about whether . . .

evidence is admissible."  Fed. R. Evid. 104.  In a case such as this, where the defendant objects

to the introduction of evidence of uncharged acts,[1] the trial court must first determine whether

the evidence is admissible under Rule 104.  *See Balthazard*, 360 F.3d at 313 (holding that Rule

104 requires court to consider whether uncharged acts evidence was admissible as intrinsic to the

charges).  If the court finds that the proffered evidence is not intrinsic to the conspiracy and the

government has not given notice that it intends to admit such evidence under Rule 404(b), the

evidence must be excluded.  Even "intrinsic" evidence must be excluded if it is more prejudicial

than probative under Rule 403.

The government intends to introduce evidence of uncharged acts.  The defendants object

to the introduction of any and all such evidence under any theory.  This Court must make

---

[1]  The government's refusal to specify the anticipated uncharged-acts evidence makes it
    impossible for the defendant to file a motion making specific objections to the introduction of
    such evidence.  However, the defendants object now, and will object at trial, to the
    introduction of any and all evidence related to uncharged acts, regardless of what theory of
    admissibility the government advances.

admissibility decisions regarding this evidence, but the government's stance prevents this Court from doing so prior to trial.  If these decisions cannot be made until trial, it will interrupt and delay the trial.  The defendants will need time to explore the proffered evidence, and the Court will need time to determine its admissibility, neither of which can be done in front of the jury with the witness on the stand.  This Court's order wisely recognizes the importance of pretrial resolution of the admissibility of evidence of uncharged acts, as it required the government to provide notice of all "404(b) *type* evidence," not just what it seeks to admit under that rule.

The government's assertion that all of the uncharged conduct is mentioned somewhere within the discovery does not alleviate this problem.  As the government notes, the discovery is voluminous.  In addition to the 7,000 pages of recently disclosed *Jencks* material, it includes thousands of emails, boxes full of correspondence, personnel files, grievance files, and the hiring files for every hiring decision made by Probation during the charged conspiracy — hundreds of thousands of pages of documents.  Knowing that the government plans to introduce some uncharged conduct drawn from this vast universe does not help the defense prepare for trial or mount an objection to its admissibility.

Although the government's refusal to specify the uncharged acts that it hopes to explore at trial prevents the defendants from making a detailed objection to their admission, one broad argument is worth noting.  The government's argument that the evidence it hopes to introduce is "intrinsic" to the charges is premised on the assumption that the charged offenses are broad.  However, the government's recent filings are to the contrary.  In its opposition to the defendants' motion to dismiss, the government explained that it had not charged a broad "scheme to obtain jobs and salaries," but rather a targeted "scheme to obtain jobs and salaries *for individuals who were politically sponsored and not the most qualified candidates*" (emphasis added).  [Dkt. #195

at 22.]  This formulation of the charges indicates that the government intends to prove that the

defendants violated the law by hiring the individuals named in the indictment, not by committing

the broad, all-encompassing fraud described by the indictment.  The government cannot have it

both ways.

      For the foregoing reasons, the Court should order the government to disclose, in detail,

any and all evidence of uncharged acts that it intends to introduce at trial.

                                   Respectfully submitted,

                                   JOHN J. O'OBRIEN
                                   by his attorneys

                                 /s/ William Fick_____
                                 Stylianus Sinnis, Esq.
                                 William W. Fick, Esq.
                                 Christine DeMaso, Esq.
                                 FEDERAL PUBLIC DEFENDER OFFICE
                                 51 Sleeper Street, 5th Floor
                                 Boston, MA 02210
                                 617-223-8061
                                 STELLIO_SINNIS@FD.ORG
                                 WILLIAM_FICK@FD.ORG
                                 CHRISTINE_DEMASO@FD.ORG

                                 ELIZABETH V. TAVARES
                                 by her attorney,

                                 /s/ R. Bradford Bailey_____
                                 R. Bradford Bailey, Esq.

                                 WILLIAM  H. BURKE, III
                                 by his attorney,

                                 /s/  John Amabile_____
                                 John Amabile, Esq.

## **Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 8, 2014.

/s/ William Fick