## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
**UNITED STATES of AMERICA**            )
                                        )
        **v.**                          )        **Criminal No.**
                                        )        **12-40026-FDS**
**JOHN J. O'BRIEN,**                    )
**ELIZABETH V. TAVARES, and**           )
**WILLIAM H. BURKE, III,**              )
                                        )
        **Defendants.**                 )
_____)

### MEMORANDUM AND ORDER ON MOTIONS TO UNSEAL AND TO MODIFY THE PROTECTIVE ORDER

**SAYLOR, J.**

This is a criminal prosecution arising out of an allegedly corrupt hiring scheme at the

Massachusetts Office of the Commissioner of Probation between 2000 and 2010.  Defendants

John J. O'Brien, Elizabeth V. Tavares, and William H. Burke III, all former Probation officials,

are charged with conspiracy to commit racketeering, racketeering, mail fraud, conspiracy to

commit bribery, and bribery.  Essentially, the government contends that defendants engaged in a

scheme to defraud involving the process of hiring probation officers, in which individuals who

were "sponsored" by state legislators would be hired in return for favorable legislation and

appropriations.

On October 30, 2013, defendants filed a motion to dismiss the indictment and motions to

sever.  The government filed memoranda in opposition on November 27, 2013, with supporting

exhibits.  Pursuant to a September 19, 2012 protective order, the government filed the following

items under seal:  (1) its "Omnibus Response to the Defendants' Motion for Severance" and (2)

five exhibits to its response to the motion to dismiss.  At the same time, it moved to unseal the

those items.  Defendant O'Brien opposes the motion to unseal or, in the alternative, proposes a modification of the existing protective order.  For the reasons set forth below, the motion to unseal will be granted, and the motion to modify the protective order will be denied.

## I.    <u>Motion to Unseal</u>

The records and proceedings of federal courts are presumed to be public.  *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013).  The presumption arises from two sources:  "a common-law right of access to 'judicial documents,' and a First Amendment right of access to certain criminal proceedings and materials submitted therein."  *Id.*

The common-law right of access extends to documents that are "judicial records," which includes "materials on which a court relies in determining the litigants' substantive rights."  *Id.* at 54, quoting *In re Providence Journal*, 293 F.3d 1, 9-10 (1st Cir. 2002).  Thus, "advocacy memoranda"—that is, memoranda submitted to the court that are intended to influence the judge's decision—fall within the presumption of public access.  *Kravetz*, 706 F.3d at 56. Materials that are attached to such memoranda, which a party seeks to have the court consider in rendering its decision, are also presumptively public.  *Id.* at 57-58.  That is true whether the court actually relied on them or not.  *Id.* at 58; *see United States v. Swartz*, 945 F. Supp. 2d 216, 220 (D. Mass. 2013).

The presumption of public access may be overcome in certain circumstances.  The "privacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records.'"  *Kravetz* at 62, quoting *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987).[1]  "Third-party privacy

---

[1] A court may also limit public access, among other things, to "records . . . used to gratify private spite or promote public scandal" and "business information that might harm a litigant's competitive standing."  *Kravetz*, 706 F.3d at 61-62, quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) and *Standard Fin. Mgmt.*

interests, in particular, have been referred to as 'a venerable common law exception to the presumption of access,' and 'weigh heavily in a court's balancing equation.'" *Id.*, quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir.1995). The court may, in its discretion, edit or redact documents when the balance of interests so requires. *Id.* at 62-63.

Here, a protective order issued by the Magistrate Judge prevents the disclosure of discovery materials that contain "sensitive personal information," particularly the personal information of applicants for employment to, and employees of, the Probation Department. In part, that order directs parties to file under seal submissions to the Court that refer to discovery materials, unless the parties agree that the documents do not contain sensitive personal information.

Defendant O'Brien contends that the existing protective order is overbroad, and notes that at an earlier point in the litigation he had proposed a narrower order, which the government vigorously opposed. He contends that the government is attempting to manipulate the disclosure process, seeking only to disclose certain information in order to "taint the jury pool" and "control public perception of this case by revealing only those documents that bolster its flawed theory of the prosecution." Def.'s Opp. at 3. In substance, O'Brien seeks either (1) an order keeping the current disputed items under seal or (2) a modification of the earlier order permitting broader disclosure generally.

The first question is whether the government's opposition to defendants' motion to sever falls within the presumption of public access. There is no doubt that it does. The question then becomes whether certain information in that memorandum requires that it remain sealed, or

---

*Corp.*, 830 F.2d at 411. *See Glass Dimensions, Inc. v. State St. Corp.*, 2013 WL 6280085, at *1 (D. Mass. Dec. 3, 2013) (finding legitimate and significant interest in protecting sensitive business information).

whether it should be redacted.  The information at issue includes the names of (1) current or former Probation employees who are not defendants here, (2) applicants who were chosen under the allegedly corrupt hiring scheme, and (3) applicants who were rejected under that scheme.

Protection of third-party privacy is an important interest.  *Kravetz*, 706 F.3d at 62.  The government, in fact, argued that "the privacy of thousands of job applicants" was a reason for the Court to issue a protective order.  (Dkt. No. 50,  Gov't Resp. to Mot. To Modify Protective Order).  But not all sensitive or potentially embarrassing information need be protected.  The question turns on "the degree to which the subject matter is traditionally considered private rather than public" and a balancing of the competing interests, including the nature and degree of the injury to the party in question.  *Kravetz*, 706 F.3d at 62 (citations omitted).

As to the names of current or former Probation employees, the privacy interests are relatively slight.  In Massachusetts, the names of employees of the Commonwealth generally are a matter of public record.  *Cf.* Mass. Gen. Laws ch. 66, § 10 (providing a general public right of access to most state records).  Moreover, the identities of many persons connected with the alleged scheme have also become a matter of public record.  The further release of the names of public employees will therefore create little, if any, marginal harm.

As to the rejected applicants, the nature of the harm is also relatively minor.  Rejection from a job application may be embarrassing, but it is also not so rare as to create a stigma.  *See Kurzon v. Dep't of Health & Human Servs.*, 649 F.2d 65, 69 (1st Cir. 1981) (allowing disclosure of names and addresses of applicants denied government grant funding).  That is particularly true here, where the government alleges that most qualified applicants were among the ones rejected.  And only their names—not financial, health, or other more sensitive information—are at issue.

On balance, it appears that the presumption of public access to the government's

memorandum cannot be overcome.  The information in question should be made public and the government's memorandum need not be redacted.

The government also seeks to unseal five exhibits that support its opposition to defendants' motion to dismiss.  Again, because the Court will consider these documents in determining defendants' substantive rights, they are presumptively public.  *See Kravetz*, 706 F.3d at 57.

Exhibit A is a letter from the Chief Justice for Administration and Management ("CJAM") to defendant Burke.

Exhibit B appears to be a form used in the process of appointing a candidate to the position of probation officer, signed by defendant O'Brien.  It includes, among other things, the name of the chosen applicant, his salary, the name of the prior incumbent, and the incumbent's reason for and date of leaving the position.

Exhibit C appears to contain the names of applicants and final candidates interviewed for probation officer positions on November 9, 2005.

Exhibit D is a letter from defendant O'Brien to the CJAM that appoints a particular probation officer and includes his salary and starting date.

Exhibit E is a letter from the CJAM to defendant O'Brien that purports to approve his request in Exhibit D and names the former occupant of the position.

Exhibit A contains no discernible sensitive personal information of any kind.  Exhibits B, C, D, and E collectively contain (1) the names of certain applicants, successful and rejected; (2) salary information, and (3) other employment information.  As noted, much of that information is normally in the public domain, and much of it has been revealed already to the public.  In addition, all of the information will become public if the government uses the items as trial

exhibits.

In short, the marginal harm to the interests of the affected individuals is slight, and the balance of interests favors disclosure.  The presumption of public access therefore has not been overcome.

A final consideration is defendants' contention that the government should not be able to disclose only those documents that support its case, in an attempt to manipulate public opinion or otherwise "attempt to taint the jury pool."  Defendant has not proposed that specific additional documents should be made public in order to balance the public record; instead, it simply proposes modifying the protective order to permit additional disclosure.  The information contained in the government's memorandum and exhibits at issue is not so shocking or explosive so as to raise a serious possibility of unfair prejudicial pretrial publicity or taint of the jury pool, and the Court therefore will not deny the motion on that basis.

Accordingly, the motion to unseal will be granted in its entirety.

## II.   <u>Motion to Amend the Protective Order</u>

As noted, defendant proposes that, in the alternative, the existing protective order should be amended so that "sensitive personal information" is more narrowly defined.

Fed. R. Crim. P. 16(d) permits a court to enter a protective order in a criminal case for "good cause."  *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012).  "The First Circuit has not articulated a definitive standard for the modification or vacation of a protective order in a criminal case."  *Swartz*, 945 F. Supp. 2d at 219.  Other district courts have held, however, that "it is appropriate to analyze the 'good cause' requirement under the criminal rules in light of precedent analyzing protective orders entered in civil cases."  *Id.  See Bulger*, 283 F.R.D. at 52. To determine "good cause," a court must balance various factors, including change in

circumstances, parties' reliance on the protective order, and third-party privacy interests.  *Id.* at 53-55.

Defendant has not pointed to any such circumstances here, and none are readily apparent to the Court.  Although he challenges the government's use of the materials to support substantive motions, under the existing protective order, defendants are subject to the same rights and restrictions as the government to use similar materials in its filings.  The government may disclose documents favorable to its case, but defendants may, in turn, seek to disclose documents favorable to theirs.  No modification of the order is necessary on that ground.  Rather than undertake a wholesale modification of the protective order, the Court will consider any requests to unseal on an item-by-item basis.

Accordingly, the motion to modify the protective order will be denied without prejudice to any future requests to release particular items.

## III.   Conclusion

For the foregoing reasons, the government's motion to unseal is GRANTED, and defendant's motion to modify the protective order is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  January 17, 2014                              United States District Judge
