**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **UNITED STATES of AMERICA** | ) ) ) |  |
| v. | ) ) | Criminal No. 12-40026-FDS |
| **JOHN J. O'BRIEN, ELIZABETH V. TAVARES, and WILLIAM H. BURKE, III,** | ) ) ) ) |  |
| **Defendants.** | ) ) |  |

## ORDER AS TO HEARING ON MOTION FOR RECUSAL

**SAYLOR, J.**

Defendant William H. Burke III, subsequently joined by defendant John J. O'Brien, has moved that the undersigned judge recuse himself from this matter under 28 U.S.C. § 455 and the Fifth Amendment. The motion was filed approximately five weeks before trial, and is based in part on a claim of newly-discovered evidence: that the undersigned judge was a partner of Paul F. Ware, Jr., at the law firm of Goodwin Procter LLP before becoming a judge. *See* Motion for Recusal at 4.

The undersigned became a United States District Judge in June 2004. Approximately six years later, on May 24, 2010, Ware was appointed by the Supreme Judicial Court as independent counsel to investigate hiring practices in the Probation Department. He issued a report on November 9, 2010. A federal grand jury returned an indictment in this matter on March 22, 2012. The undersigned judge was assigned to this matter the same day.

Defendant has requested a hearing on the motion for recusal. That request is granted; the

hearing on the motion for recusal will take place at the previously-scheduled conference on January 24, 2014, at 2:30 p.m.

Defendant asserts, among other things, that recusal is required under 28 U.S.C. § 455(b)(2) because Ware is "likely to be called as a witness at trial." Motion for Recusal at 2. So that the Court can assess the basis of that claim, and the realistic likelihood that Ware or anyone else from Goodwin Procter will actually testify, the Court hereby orders as follows:

Each party is hereby directed to file, no later than January 21, 2014, a written statement with the Court indicating the following:

1. whether that party expects to call Paul F. Ware, Jr., Kevin Martin, or any other current or former attorney from Goodwin Procter LLP, as a witness at trial;

2. if so, a written description setting forth in detail the substance of the anticipated testimony; and

3. a statement as to why that testimony would be relevant and otherwise admissible, including specific citations to the Federal Rules of Evidence and any other relevant authority.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  January 17, 2014