UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 12-40026-WGY |
| JOHN J. O'BRIEN,<br>ELIZABETH V. TAVARES, and<br>WILLIAM H. BURKE, III, | ) ) ) ) | |
| Defendants. | ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO SEVER COUNTS AND RACKETEERING/OVERT ACTS**

On October 16, 2013, Judge F. Dennis Saylor, IV ordered the parties in the above-referenced case to file all substantive, pre-trial motions – including any motions to sever – by October 30, 2013. See Docket Entry 146. On or about that date, each of the defendants filed motions under Federal Rule of Criminal Procedure ("Rule") 14 to sever the case as to their co-defendants on the grounds that a joint trial would violate their rights under the Confrontation Clause of the Sixth Amendment. See Docket Nos. 164, 168 and 179. Judge Saylor denied the defendants' motions for severance on January 9, 2014 and issued a written order to that effect on January 17, 2014. See Docket Nos. 215, 227. Neither Judge Saylor, nor this Court, extended the deadline for filing new substantive motions.

Nonetheless, on March 21, 2014, nearly five months after the filing deadline set by Judge Saylor and six weeks prior to trial, the defendants filed a second motion for severance in this case. This time, the defendants claim that the racketeering acts ("RAs") and counts related to the electronic monitoring ("ELMO") hires are misjoined under Rule 8(a) and should be severed

1

under Rule 14 to avoid unfair prejudice.[1] The defendants' untimely motion should be denied for the following reasons:

(1) The defendants have waived their severance claims under Rule 12(e) because they failed to raise them by October 30, 2013, the pre-trial motion deadline set by the district court;

(2) The ELMO RAs and counts are not misjoined because they are part of a pattern of racketeering activity committed in furtherance of the RICO enterprise and conspiracy charged in Counts One and Two of the Indictment; thus, they are "connected with or constitute parts of a common scheme or plan" pursuant to Rule 8(a);

(3) Since joinder of the ELMO RAs and counts is proper, the defendants have not and cannot make a strong and convincing showing of prejudice warranting severance under Rule 14; and

(4) The defendants' motion to sever the ELMO RAs amounts to an impermissible motion to exclude evidence of the RICO enterprise and conspiracy charged in Counts One and Two of the Indictment.

**I.     Second Superseding Indictment**

The thirty-count, Second Superseding Indictment ("Indictment") charges three defendants with at least one of seven state and federal crimes. For purposes of this response, the Indictment is summarized in the following chart. As illustrated therein, evidence regarding the 18 ELMO hires is relevant (and necessary) to establish: (1) the RICO conspiracy charged in Count One, (2) multiple RAs, all of which help to demonstrate a pattern of racketeering activity with respect to the substantive RICO violation charged in Count Two; and (3) the conspiracy to commit bribery concerning federal funds charged in Count 13.

---

[1] There are 41 different hires involved in this case - twenty-three permanent hires and 18 temporary ELMO hires. All but one of those hires form the basis of at least one RA. Some of those hires (all of which are RAs) also form the basis of a substantive count in the Indictment. See Summary of Indictment, infra at Section I, and Indictment Hiring Chart, attached hereto as Exhibit A.

| COUNT NUMBER(S) | DESCRIPTION OF CHARGE | PREDICATE ACTS | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | RICO CONSPIRACY, 18 U.S.C. §1962(d) | **ALL RAS INCLUDING PERMANENT HIRES AND ELMO HIRES** | O'BRIEN, TAVARES, BURKE |
| 2 | RACKETEERING, 18 U.S.C. §1962(c) | *MAIL FRAUD*:<br><br>RAS 1-22 (PREMISED ON 22 PERMANENT HIRES AND PROMOTIONS)<br><br>*STATE LAW BRIBERY*:<br><br>RAS 23(A)-44(A) (PREMISED ON 22 PERMANENT HIRES AND PROMOTIONS)<br><br>**RAS 45(A)-62(A) (PREMISED ON 18 ELMO HIRES)**<br><br>*STATE LAW GRATUITY*:<br><br>RAS 23(B)-44(B) (PREMISED ON 22 PERMANENT HIRES AND PROMOTIONS)<br><br>**RAS 45(B)-62(B) (PREMISED ON 18 ELMO HIRES)** | O'BRIEN, TAVARES |
| 3-12 | MAIL FRAUD, 18 U.S.C. §1341 | PREMISED ON RAS 1-8 AND 10-11 (PERMANENT HIRES AND PROMOTIONS) | O'BRIEN, TAVARES, BURKE |
| 13 | CONSPIRACY TO COMMIT BRIBERY CONCERNING FEDERAL FUNDS, 18 U.S.C. §371 | **ALL RAS INCLUDING PERMANENT HIRES AND ELMO HIRES** | O'BRIEN, TAVARES, BURKE |
| 14-19 | BRIBERY CONCERNING FEDERAL FUNDS, 18 U.S.C. §§666(a)(2) and 2 | PREMISED ON RAS 1-5 AND 11 (PERMANENT HIRES AND PROMOTIONS) | O'BRIEN, TAVARES, BURKE |

| COUNT NUMBER(S) | DESCRIPTION OF CHARGE | PREDICATE ACTS | DEFENDANTS CHARGED |
|---|---|---|---|
| 20-30 | BRIBERY CONCERNING FEDERAL FUNDS, 18 U.S.C. §§666(a)(2) and 2 | PREMISED ON **RAS** **48(A/B)-51(A/B), 53(A/B), 54(A/B), 56(A/B), 57(A/B) AND 59(A/B)-61(A/B) (ELMO HIRES)** | O'BRIEN |

II.   Argument

    **A.  The Defendants Have Waived Their Severance Claims Under Rule 12(e) Because They Failed To Raise Those Claims By The Pre-trial Motion Deadline**

As a threshold matter, the defendants have waived their severance arguments by failing to raise them on or before October 30, 2013, the pre-trial motion deadline set by the district court. Pursuant to Rules 12(b)(3) and 12(e), a party "waives" any Rule 14 motion to sever charges if it is not made by the motion deadline the court sets under Rule 12(c).  Rule 12(e) states,

> A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides.  For good cause, the court may grant relief from the waiver.

Fed. R. Crim. P. 12(e).[2]  See United States v. Lugo Guerrero, 524 F.3d 5, 11 (1st Cir. 2008) (defendant waived his Miranda claim by raising it two and one-half months after the pre-trial motion deadline set by the district court because "when a district court sets a deadline for pre-trial motions pursuant to Federal Rule of Criminal Procedure 12(c), a party's failure to make certain motions . . . by that deadline constitutes a waiver . . .").  A defendant may only obtain relief from such waiver by showing "good cause" for his failure to file a timely Rule 12(b)(3) motion.  See id.

Here, the former trial judge set a substantive motion deadline of October 30, 2013.  See

---

    [2] Rule 12(b)(3) expressly includes "a Rule 14 motion to sever charges or defendants."  Fed. Rule Crim. P. 12(b)(3)(D).

4

Docket Entry 146.  On or about that date, all three defendants filed motions to sever arguing, under <u>Bruton v. United States</u>, 391 U.S. 123 (1968), that a joint trial would violate their rights under the Confrontation Clause of the Sixth Amendment.  <u>See</u> Docket Nos. 164, 168 and 179.[3]  No defendant moved to sever charges (or RAs) from the Indictment on the basis of misjoinder – as they have here.  <u>See</u> <u>id.</u>  On January 9, 2014, the former trial judge denied the defendants' motions for severance and, on January 17, 2014, issued an order to that effect.  <u>See</u> Docket Nos. 215, 227.  The defendants did not seek to supplement their severance motions; nor did the former trial judge extend the pre-trial motion deadline.  Accordingly, pursuant to Rule 12(e), the defendants have waived their newly raised severance claims unless they can establish "good cause" for failing to raise those claims in a timely matter.

     The defendants have not (and cannot) establish *any* cause, let alone "good cause" for their failure.  The Indictment has not changed since August 21, 2013.  If the defendants believed the ELMO counts were misjoined under Rule 8(a), requiring severance under Rule 14, there is no reason they could not have raised this issue by the substantive motion deadline.  While the defendants do not address "waiver" in their motion (and thus make no express attempt to establish "good cause"), they argue that the motion was prompted by this Court's direction to streamline the case for trial.  <u>See</u> Defendant's Motion at 1.  Be that as it may, that explanation does not establish "good cause" for the defendants' failure to raise their severance claims in a timely manner.  While this Court has directed the parties to streamline the case, it has not extended the deadline for defendants to file *new* substantive motions, <u>i.e.</u>, a motion to suppress evidence, or a motion to dismiss or sever on new grounds.  Accordingly, the defendants' severance claims are waived and their motion should be denied on that ground.

---

[3] The defendants also filed a timely, joint motion to dismiss the indictment which was denied by the district court on January 9, 2014.

### B. The ELMO RAs And Counts Are Properly Joined Under Rule 8(a) Because They Are Predicate Acts Committed In Furtherance Of The Charged RICO Enterprise And Conspiracy

The ELMO RAs and counts are properly joined under Rule 8(a) because they are part of the pattern of racketeering activity alleged in support of the RICO enterprise and conspiracy charged in Counts One and Two of the Indictment. Rule 8(a) states, in relevant part: "The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).[4] It is well established that "offenses committed pursuant to the same (charged) racketeering enterprise and conspiracy may be joined in a single indictment since, in the terminology of Rule 8(a), they are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." United States v. Zannino, 895 F.2d 1, 16 (1st Cir. 1990) (internal quotations omitted) (citing cases); see also United States v. Balta, 236 F.3d 27, 33 (1st Cir. 2001) (defendant's offense of conviction was properly joined with RICO charges because the offense was also charged as a racketeering act in furtherance of the alleged RICO enterprise and conspiracy); United States v. Boidi, 2006 WL 456004 at *3 (D. Mass. 2006) (O'Toole, J.) (joinder is proper under Rule 8(a) where alleged offenses are all part of a unitary pattern of racketeering activity).[5]

---

[4] As a threshold matter, Rule 8(a) does not apply to RAs or overt acts that are charged as part of a single racketeering or conspiracy count in an indictment. The Rule's plain language permits the government to join common offenses in "separate counts" of an indictment; it says nothing about the joinder of RAs or overt acts charged as part of a single substantive count. Thus, while Rule 8(a) may apply, in theory, to defendants' argument that the ELMO *counts* are misjoined, it does not apply to their similar claim regarding the ELMO *RAs*.

[5] Likewise, it is well established that the joinder of defendants under Rule 8(b) is proper where a single RICO count embraces all of the acts and transactions upon which the other counts are based. See United States v. Boylan, 898 F.2d 230, 245 (1st Cir. 1990) ("So long as there is a responsible basis for the averments, charging an omnibus RICO conspiracy normally supplies

Reading the defendants' motion, one would think that the Indictment alleged neither RICO violations nor a conspiracy. In fact, in the nearly four pages devoted to misjoinder in their motion, the defendants ignore the fact that the ELMO RAs (and corresponding substantive counts) are charged as part of the pattern of racketeering activity alleged in furtherance of the RICO conspiracy and racketeering charges in Counts One and Two of the Indictment. Because they are so charged, the RICO RAs and counts are "connected with or constitute parts of a common scheme or plan" and thus are properly joined under Rule 8(a). The defendants' motion to sever, therefore, should be denied on that ground.

### C. Defendants Have Not And Cannot Make a Strong And Convincing Showing Of Prejudice Warranting Severance Under Rule 14

The defendants' request for severance under Rule 14 should be denied because they have not made a strong and convincing showing of prejudice. Rule 14(a) states, in relevant part, "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts . . . ." Fed. R. Crim. P. 14(a).[6] The United States Supreme Court has instructed that, when defendants properly have been joined . . . a district court should grant a severance under Rule 14 *only* if there is *a serious risk* that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a

---

the glue necessary to bond multiple defendants together in a single proceeding where all are accused of participating in the conspiracy.")

[6] As a threshold matter, Rule 14 does not expressly contemplate severance of RAs from a single RICO count in an indictment. Indeed, the plain language of the Rule indicates that a court may "order separate trials *of counts*." Fed. R. Crim. P. 14(a) (emphasis added). Rule 14, therefore, does not specifically authorize a court to sever a single count – as the defendants request here. Even the Rule's "catch-all" provision - authorizing a court to "provide any other relief justice requires," does not necessarily provide the means for a court to sever RAs from a RICO offense. See United States v. DeCologero, 364 F.3d 12, 23-24 (1st Cir. 2004) (discussed in more depth, infra).

reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993) (emphasis added). Echoing this sentiment, the First Circuit has stated that a defendant seeking a separate trial can succeed only by "making a strong showing of evident prejudice." United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993) (citing cases). As if the bar were not high enough, severance is especially disfavored when defendants are charged with conspiracy, as in this case. See, e.g., United States v. Celestin, 612 F.3d 14, 19 (1st Cir. 2010); United States v. Pena-Lora, 225 F.3d 17, 33 (1st Cir. 2000).

The defendants have not, and cannot, make such a showing here. As described, supra, the ELMO RAs and counts are properly joined in the Indictment because they constitute predicate acts committed in furtherance of the RICO enterprise and conspiracy charged in Counts One and Two. Likewise, the three defendants are properly joined as participants in the same RICO enterprise and conspiracy. See supra, footnote 4. Thus, neither the joinder of the ELMO RAs and counts, nor the joinder of the three defendants - standing alone - can form the basis of a strong and convincing showing of prejudice. That, however, is all that the defendants argue. See Defendants' Motion at 8 ("If the two charged schemes are not severed, the jury will hear evidence of two unrelated alleged improprieties in hiring . . . This prejudice is particularly acute with respect to defendants Tavares and Burke. They are not charged in connection with the "ELMO hiring scheme" . . . ."). The defendants' claims are premised on the argument that the ELMO RAs and counts are misjoined (and, at least implicitly, that the defendants themselves are misjoined). As those claims must fail, for the reasons described herein, so must the defendants' "garden variety" claim of prejudice. See Boylan, 898 F.2d at 246 ("There is always some prejudice in any trial where more than one offense or offender are tried together—but such "garden variety" prejudice, in and of itself, will not suffice. . . . Even where large amounts of

testimony are irrelevant to one defendant, or where one defendant's involvement in an overall agreement is far less than the involvement of others, we have been reluctant to secondguess severance denials."). For this reason as well, the defendants' motion to sever should be denied.

### D. The Defendants' Motion Should Be Denied Because It Seeks To Exclude - Or Even Dismiss - Portions Of The Government's Evidence Of The Charged RICO Conspiracy

The defendants' motion to sever should be denied because it is, in effect, an improper attempt to exclude (or dismiss) the government's evidence in support of the alleged RICO conspiracy. The First Circuit's decision in DeCologero is instructive on this point. In DeCologero, the government filed a twenty-three-count indictment, charging the appellant, Decologero, and six others, with a RICO conspiracy and other, related crimes. DeCologero, 364 F.3d at 15. The indictment alleged 14 separate RAs (each with subparts, for a total of 38), some of which were also substantive counts. Id. During a status conference prior to trial, the district court sua sponte severed the case into two trials, ordering that the first trial consist of ten RAs and seventeen substantive counts, and the second trial consist of the remaining four RAs and three substantive counts. Id. at 16-17. The government moved for reconsideration, but the court held firm citing its "inherent authority and responsibility for managing . . . trials before it so as to protect the interests of the parties and the public in just determination of a criminal proceeding with simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." Id. at 16 (internal citations and quotations omitted). The government filed an interlocutory appeal, and the First Circuit agreed that the trial court's decision was appealable immediately. Id. at 19-20.

In deciding both the appealability and the merits of the district court's severance, the First Circuit treated the district court's decision as an order to exclude evidence from the first trial. Id. at 22 ("Such an exclusion of charged RAs to prove the pattern [of racketeering] is in our view an

9

exclusion of the evidence within the meaning of the second paragraph of section 3731 . . . it . . . mean[s] that the government would be deprived of factual episodes that it would otherwise offer to establish the pattern") and at 24 ("By limiting the blocks of evidence that the government may use, this exclusion can deprive the public permanently of rightful convictions. This loss of evidence is not necessarily offset by the dubious possibility of a second trial, also on truncated evidence."). The First Circuit also recognized that the district court's decision to exclude RAs from the first trial could, effectively, constitute a dismissal of those RAs. Id. at 21. Since all of the charged RAs constitute part of the same "pattern of racketeering," the court explained, "a second RICO prosecution based on the postponed acts would arguably itself be barred by double jeopardy principles, the "acts" being different but the "pattern" being the same." Id. If that is so, said the court, "deferral was effectively dismissal." Id.[7]

While validating the district court's concern with "trial management and jury comprehension," the First Circuit found that the court had overstepped its bounds, explaining that, in its view, "telling the government that in order to simplify the trial it cannot prove RICO acts for which it has secured an indictment (and which are otherwise proper under the statute and rules of evidence) is more than mere housekeeping . . . [it] substantially weakens the charges that remain in the first trial." Id. at 23-24. Accordingly, the First Circuit held:

> [I]n a RICO case, the exclusion of an RA or other criminal episode in order to make the trial comprehensible for a jury may not be wholly beyond the district court's inherent authority . . . ; but it would have to be a last resort where no more conventional method existed to assure a fair trial and where the exclusion rested on detailed and compelling findings. The test, in short, would be one not of convenience but of last-ditch necessity.

Id. at 24. The district court's rationale – (1) that it would be "virtually impossible to instruct the

---

[7] The court did not need to decide the issue as it found that the district court's order was immediately appealable on the grounds that it constituted an exclusion of evidence. Id.

jury" if the case were not severed and (2) "to run a reasonable trial the jurors can understand that is fair to both sides requires a break up of these wide ranging charges" – did not pass muster under the First Circuit's test. Id. (internal quotations omitted).

The defendants in this case fare no better than the district court in DeCologero. Indeed, the defendants do not even cite DeCologero – despite its pertinence to their motion – let alone attempt to explain how their request to exclude evidence of properly charged RAs is a "last-ditch necessity" to assure a fair trial.[8] Even if they had, any explanation would have fallen short given the facts of this case. The thirty-count indictment focuses on 41 hiring decisions – 23 permanent positions and 18 ELMO positions.[9] Those hiring decisions form the basis of 62 RAs.[10] Unlike many RICO indictments, this case involves only seven different state or federal offenses and 3 defendants, making it "virtually impossible" that a jury will be *unable* to understand this Court's instructions. As the First Circuit in DeCologero noted, "indictments of comparable or greater complexity are regularly tried." Id. (citing Boylan, a seven-defendant, 57-count indictment and United States v. Casamento, 887 F.2d 1141, 1149-50 (2d Cir. 1989), a case that took seventeen-months to try – both of which were upheld as acceptable in terms of length and complexity). In sum, the defendants' motion to sever RAs from a valid RICO indictment amounts to a motion to exclude evidence. That motion should be denied as the defendants have not (and cannot) explain – in compelling detail – the "last-ditch" necessity of their requested relief.

---

[8] Of course, the defendants also seek to sever the ELMO counts in the indictment – a request that does not directly implicate the First Circuit's holding in DeCologero. However, each of the ELMO substantive counts is also an RA. Thus, if the RAs cannot be excluded from the first trial, neither prejudice nor efficiency would justify severance of the substantive counts.

[9] As described in footnote 1, supra, and Exhibit A, one of the hires is neither a specified RA nor a substantive count.

[10] Thirty-nine of the RAs each contain one corresponding subpart.

## CONCLUSION

For the reasons described herein, the defendants' motion to sever the ELMO RAs and counts should be denied.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Karin M. Bell
Karin M. Bell
Fred M. Wyshak, Jr.
Robert A. Fisher
Assistant U.S. Attorneys

Date: March 31, 2014

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Karin M. Bell
Karin M. Bell
Assistant United States Attorney

Date: March 31, 2014