UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-40026-WGY |
| | ) | |
| JOHN J. O'BRIEN, | ) | |
| ELIZABETH V. TAVARES, and | ) | |
| WILLIAM H. BURKE, III, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE CROSS EXAMINATION OF FRANCINE GANNON REGARDING COURT OFFICER CASE FILES

The United States of America, by Carmen M. Ortiz, United States Attorney, and Fred M. Wyshak, Jr., Robert A. Fisher and Karin M. Bell, Assistant United States Attorneys, hereby moves *in limine* to preclude the defendants from cross examining Francine Gannon, the constituent services director for Senate President Therese Murray, regarding Gannon's court officer case files because such files (and the content thereof) are irrelevant to this case, particularly if introduced through this witness.

As this Court is aware from the government's prior motion in limine (Docket No. 358), Gannon is the Coordinator of Constituent Services for the Senate President, Therese Murray. As part of her job, Gannon created and maintained case files for individuals seeking assistance in obtaining jobs at the Department of Probation and other agencies. Gannon's testimony is particularly relevant to this case because she, through the imprimatur of the Senate President's Office, assisted Patrick Lawton, Melissa Melia, Patricia Mosca and Anthony Mataragas in obtaining jobs as Probation Officers. These four hires form the basis of four of the ten

substantive mail fraud counts in the Indictment.[1]

Gannon also created and maintained case files for individuals seeking assistance in obtaining court officer positions. The files are substantially similar, in form, to the files she created for probation candidates. See Exhibit A, attached hereto (Gannon case file for Paul Place). The defendants obtained copies of these files from the Senate President's Office and furnished a copy to the government upon request. The government believes that the defendants intend to use these documents to cross examine Gannon in an effort to demonstrate – as they already have attempted during this trial – that hiring in the trial court was influenced by patronage.

As a threshold matter, the government maintains that evidence regarding court officer hiring is irrelevant to the case at bar for the reasons stated in the government's motion in limine to preclude evidence and argument (Docket No. 358). Moreover, this evidence is not relevant to the testimony of Francine Gannon. Ms. Gannon is not employed by the trial court and, as such, has no knowledge of the hiring process for court officers. At most, she will be able to testify to the content of her notes which indicate that she made calls to AOTC to recommend candidates and, in some instances, the candidates got jobs. Indeed, on their face, the Gannon case files suggest no more than the fact that Senator Murray made recommendations on behalf of candidates for court officer positions and some of her candidates got jobs. There is no indication that the hires were not based on merit or otherwise proper.[2] Nor are Gannon's case files, as

---

[1] In addition, Gannon assisted Dan Collins and Carmine Guiggio in obtaining ELMO jobs at the Department of Probation. Collins and Guiggio are the subject of multiple racketeering acts in the Indictment.

[2] In fact, unlike the case at bar, the government's investigation to date has revealed no evidence that court officers were hired based solely on political sponsorship, let alone evidence of fraud.

explored through Gannon, relevant to CJAM Mulligan's credibility or whether he was misled by the defendants' false hiring certifications.  CJAM Mulligan does not appear to be mentioned in the documents, and Gannon cannot testify as to what he did or did not know about any of the alleged hires.

For these reasons, the defendants should be precluded from cross examining Francine Gannon regarding her court officer case files.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:     /s/ Karin M. Bell
        Karin M. Bell
        Fred M. Wyshak, Jr.
        Robert A. Fisher
        Assistant U.S. Attorneys

Date:   May 15, 2014

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Karin M. Bell
Karin M. Bell
Assistant United States Attorney

Date:   May 15, 2014